The opinion of the Court was delivered by
iNGLis, A. J.
In conformity with the direction in the 12th section of the Act of September, 1866, (13 Stat. 389,) amending the District Court Act, certain rules for the transaction of business and the conduct of causes in the District Courts were made by the Judges of this Court on the 4th October, 1866. One of these rules prescribes that “if a plea of misnomer is put in and sustained, the necessary amendment shall be made immediately and the trial shall proceed.” (Bules D. C. 65.) In its terms this rule may be considered as applicable only in civil actions. (Bules D. C. p. 4.) . It was not necessary that it should expressly embrace criminal proceedings, but it may well be a guide to the exercise of that distinction which is by the Act itself (sec. 7) vested in the District Judge to examine and supervise all prosecutions. The functions which pertain to the Grand Jury in the Court of Sessions are exercised, so far as at all applicable, by the Judge of this inferior Court, and his allowance of an amendment by the substitution or addition of the real name, when ascertained upon proof or admission of the truth of the plea in abatement, accomplishes the same ends which the giving out and finding of a new indictment, conforming to the truth so ascertained, by the Grand Jury in the Superior Court would effect. The exercise of his functions in this regard is not limited to any particular part of the term or stage of the proceedings. The course pursued by the District Judge in the present case *41 is not liable to just exception, and the appeal in so far as it questions the correctness thereof is dismissed.
In larceny and other kindred offences against the right of private property, the ownership of the article, the wrongful interference with which is the subject of the charge, is uniformly one of the elements in the description of the offence which advertises the defendant of the accusation he is to meet. When introduced at all it must be truly laid, and be shown by the proof to be so. The stolen heifer, of which the beef received by the defendant was part, is charged in the indictment.to. have been the property of one Benoni Palmer. Upon the proof made it was beyond question, the property in .fact of Mrs. Johnson. Palmer, the son-in-law of Mrs. Johnson, lived with her and had the oversight and charge of her property, and probably, as much control as.one-ever<-has, under such circumstances, over the acknowledged property of another. He had no separate possession,.for anytime however short, so far as appears, of any part of it, and no such special property as could make a description of it as his property true in law for the purposes of a criminal accusation: The particular heifer stolen was. at the time of the theft running at large with the cattle of the neighbors in the range.
The evidence of ownership does not support the allegation of the indictment, and the verdict affirms in this behalf what the proof clearly denies.
A new trial is granted.
Dunxin, 0. J., and Wardlaw, A.. J., concurred.
Motion granted.